IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:07-cr-237-TFM |
| | ) | |
| KAREEMA O. GREENE | ) | |

**AMENDED ORDER**

In response to the *Unopposed Motion to Continue Trial* (Doc. 15, filed July 18, 2008), the Court now reviews this case for entry of findings, in the context of the Speedy Trial Act, 18 U.S.C.§3161, regarding a continuance of the trial date from July 21, 2008 to the misdemeanor term on November 4, 2008.

While the granting of a motion for continuance is left to the sound discretion of the Court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the Act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I); *see also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978).

The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendant having applied for and been granted pretrial diversion by the United States constitutes sufficient reason to continue the trial until the Pretrial Services Officer completes the necessary investigation.  Pursuant to 18 U.S.C.§3161(h)(8)(A),  the court concludes  that the ends of justice served by continuing this case  outweigh the best interest of the public and the defendant in a speedy trial.  **Accordingly, the *Unopposed Motion for Continuance* (Doc.15) is GRANTED, and this case is hereby re-set for jury selection and trial at 10:00 a.m. on Tuesday, November 4, 2008,** in Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama, and the deadlines stated in the Order on Arraignment are modified accordingly.

DONE this 18th day of July, 2008.

/s/Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES MAGISTRATE JUDGE